THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANGSTON WAYNE POLK,

    Plaintiff,

vs.            Case No. 19-3208-SAC

LABETTE COUNTY JAIL,

    Defendant.

**O R D E R**

 Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a prisoner at the Labette County Jail (LCJ). This case is before the Court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

 "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the Court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

II. Screening standards

Title 28 United State Code Section 1915A requires the Court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement" or "mere conclusory statements." Id. (internal quotations omitted). The Court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

To state a claim under § 1983, a plaintiff must allege 1) the deprivation of a federal protected right by 2) a person or entity

2

acting under color of state law. Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1155 (10th Cir. 2016). The Court will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

The complaint contains little factual elaboration. Plaintiff alleges that his private calls with his attorney are being recorded and that LCJ is holding his incoming and outgoing mail. The court notes that plaintiff's complaint was mailed to the court from LCJ.

The complaint asks that procedures involving his phone calls and mail be changed.

IV. LCJ is not a proper defendant.

This court has held that a county detention center, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See Gray v. Kufahl, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity); Baker v. Sedgwick County Jail, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012)(Sedgwick County Jail is not a suable entity under § 1983); Chubb v. Sedgwick County Jail, 2009

3

WL 634711 *1 (D.Kan. 3/11/2009)(same); Howard v. Douglas County Jail, 2009 WL 1504733 *3 (D.Kan. 5/28/2009)(Douglas County Jail is not a "person" subject to suit under § 1983). Therefore, plaintiff's claims against the LCJ should be dismissed. The Sheriff of Labette County or the Labette County Board of Commissioners have the authority to sue or be sued and might be a more proper defendant in this matter if plaintiff alleges facts showing that either entity is responsible for the actions which have allegedly violated plaintiff's rights. A defendant in a § 1983 action may not held be liable merely because he serves in a supervisory capacity unless he created or implemented the policy which caused the alleged harm and acted with the state of mind required to establish the violation. See Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010).

V. Plaintiff does not allege a plausible violation of the Constitution or laws of the United States.

Plaintiff does not allege who recorded his phone calls with attorneys, when or how often it has happened, whether it is continuing to happen, whether he has suffered any injury because of the recorded calls, and whether he can communicate with his attorney through other means. He also does not describe whether he was warned of the recording prior to participating in the calls and whether the recording was intentional or unintentional. Regarding his mail, plaintiff does not allege who has held his

4

mail, whether that person acted intentionally or negligently, whether jail policy was followed and what that policy is, how long the mail has been held, whether this is continuing to happen, and whether he has been injured by this activity.

The complaint's meager factual assertions do not permit the court to find that plaintiff has described a plausible, as opposed to merely possible, violation of § 1983 or other federal statute. See McCoy v. Kansas Department of Corrections, 2017 WL 3453399 *2-4 (D.Kan. 8/11/2017)(directing plaintiff to show cause why the court should not dismiss a claim alleging interference with legal mail and recording of attorney calls, in part because of a failure to allege an actual injury).

VI. Conclusion

The court shall grant plaintiff time until November 22, 2019 to show cause why the court should not dismiss this action or to file an amended complaint which corrects the deficiencies outlined in this order. An amended complaint should be written on the forms supplied by the court and should contain all the claims upon which plaintiff seeks to proceed. The amended complaint should not refer to the original complaint.

**IT IS SO ORDERED.**

Dated this 22nd day of October 2019, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge